IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN DIMARTINO, *Petitioner*, | ) | Case No. 3:25-cv-00318 |
| v. | ) | Magistrate Judge Kezia O. L. Taylor |
| WARDEN, FCI LORETTO, *Respondent*. | ) | |

**<u>MEMORANDUM OPINION</u>**

Pending before the Court is a Petition for Writ of Habeas Corpus ("Petition") filed by Kevin DiMartino ("Petitioner") pursuant to 28 U.S.C. § 2241. ECF No. 1. The Petition challenges a disciplinary action taken against him by the Bureau of Prisons ("BOP") when he was incarcerated at the Federal Correctional Institution in Loretto, Pennsylvania. Specifically, Petitioner was found to have committed the prohibited act of possessing a dangerous weapon, and as a result he lost 41 days of good conduct time and was sanctioned to 20 days of disciplinary segregation and four months loss of phone privileges. For various reasons, Petitioner argues that he was denied due process in connection with his disciplinary hearing and that this Court must therefore restore his good conduct time. The Court, however, takes judicial notice that Petitioner was released to his term of supervised release on October 15, 2026.

The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody. *See*, *e.g.*, *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). 28 U.S.C. § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Cardona v. Bledsoe*, 681 F.3d 533, 535 (3d Cir. 2012); *Woodall v.*

*Federal Bureau of Prisons*, 432 F.3d 235, 243 (3d Cir. 2005) (defining "execution of" the sentence to mean "'put into effect' or 'carry out.'").

It is a well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III, § 2, of the Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . the parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990) (internal citations and quotations omitted). *See also Steffel v. Thompson*, 415 U.S. 452, 459 (1974) (the adjudicatory power of a federal court depends upon "the *continuing* existence of a live and actual controversy") (emphasis in original). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy . . . if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese*, 622 F.Supp. 1451, 1462 (S.D.N.Y. 1985) (citing *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)).

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). A court's ability to grant effective relief lies at the heart of the mootness doctrine. *County of Morris v. Nationalist Mvmt.*, 273 F.3d 527, 533 (3d Cir. 2001); *see also In re Material Witness Warrant Nichols*, 77 F.3d 1277, 1279 (10th Cir. 1996) (noting that mootness means that it would be impossible to grant the petitioner any meaningful relief on his claims). Thus, "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case

must be dismissed as moot." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996).

Here, Petitioner requests restoration of his good conduct time so that he can be released earlier from his term of incarceration. Since the filing of his petition, however, Petitioner has been released from his term of incarceration and is now serving his term of supervised release. Petitioner's term of supervised release cannot be changed in this habeas proceeding, and because good conduct time has no effect after a prisoner is conditionally released from imprisonment, a petitioner generally cannot establish collateral consequences arising from the loss of that good conduct time. *See Scott v. Holt*, 297 F. App'x 154 (3d Cir. Oct. 28, 2008). Thus, the Petition is not redressable by favorable judicial relief.

A separate order dismissing the Petition as moot will be entered.

Dated: October 19, 2026

/s/ Kezia O. L. Taylor
Kezia O. L. Taylor
United States Magistrate Judge

Cc: Kevin DiMartino
27386-055
2769 Lyell Road
Rochester, NY 14606

Counsel for Respondents
(Via CM/ECF electronic mail)